Heinz J. Mahler - USB # 3832
Scott C. Powers – USB # 10976
KIPP AND CHRISTIAN, P.C.
10 Exchange Place, 4th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 521-3773
hjmahler@kippandchristian.com
spowers@kippandchristian.com

Steven Plitt
Joshua D. Rogers
KUNZ PLITT HYLAND
DEMLONG & KLEIFIELD
3838 North Central Avenue, Suite 1500
Phoenix, Arizona  85012-1902
Telephone:  (602) 331-4600
sp@kunzlegal.com; jdr@kunzlegal.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COLORADO CASUALTY INSURANCE COMPANY, a Colorado corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PERPETUAL STORAGE, INC., a California corporation; UNIVERSITY OF UTAH, a body politic and corporate of the State of Utah, on behalf of UNIVERSITY OF UTAH HOSPITALS AND CLINICS and UNIVERSITY OF UTAH HEALTH SCIENCES CENTER,<br><br>Defendants. | Case No. 2:10-cv-00316-BCW<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Colorado Casualty Insurance Company (hereinafter "Colorado Casualty"), for its Complaint against Defendants alleges as follows:

### I.

This action is brought pursuant to 28 U.S.C. § 2201 *et seq.*, the Federal Declaratory Judgment Act.

### II.

Plaintiff Colorado Casualty is a Colorado corporation with its principal place of business in Colorado and is authorized to do business in the State of Utah.

### III.

Based upon information and belief, Perpetual Storage, Inc. (hereinafter "Perpetual Storage") is a California corporation with its principal place of business in Utah.

### IV.

Based upon information and belief, the University of Utah (hereinafter "the University") is a body politic and corporate of the State of Utah, with its principal place of business in Utah.

### V.

This Court has jurisdiction over the parties and subject matter of this litigation pursuant to 28 U.S.C. §1332, because there is diversity of citizenship and more than $75,000 is in controversy.

### VI.

The alleged acts giving rise to this suit all occurred within the District of Utah. For that reason, and also because Perpetual Storage and the University both have their principal place of business within the District of Utah, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

VII.

Colorado Casualty Insurance Company issued commercial package policy, Policy No. CPP 430653707, to Perpetual Storage with a policy term running from May 31, 2008 to May 31, 2009.  Colorado Casualty Insurance Company also issued commercial liability umbrella policy, Policy No. CUP4300125, to Perpetual Storage with a policy term running from May 31, 2008 to May 31, 2009 (hereinafter collectively referred to as the "Policies").

VIII.

Based upon information and belief, the University and Perpetual Storage entered into a Record Storage Agreement effective December 6, 1996 ("Storage Agreement") which provided that Perpetual Storage would store certain records, including hardcopies, microfilm, microfiche, and magnetic computer tape on behalf of the University in exchange for payment.

IX.

Based upon information and belief, the University owns and operates the University of Utah Hospitals and Clinics ("UUHC") and the University of Utah Health Sciences Center ("UUHSC").

X.

Based upon information and belief, UUHC and UUHSC together include several hospitals such as the main University Hospital, Huntsman Cancer Institute, Huntsman Cancer Hospital, the Moran Eye Center, the University Orthopedic Center, numerous outlying clinics, and a group of approximately 1,000 physicians, and several thousand additional licensed health case providers such as nurses and social workers.

XI.

Based upon information and belief, UUHC and UUHSC maintain records, including electronic records, of patients treated at UUHC and UUHSC.  Based upon

information and belief, these electronic records are regularly backed up onto backup tapes for data recovery purposes and stored offsite by Perpetual Storage.

XII.

The University alleges that patient records contain demographic information on patients such as name and address as well as billing and diagnostic information, and in most cases social security numbers.

XIII.

Based upon information and belief, Perpetual Storage made pickups at the University of backup storage tapes owned by the University.

XIV.

Based upon information and belief, on or about June 1, 2008, an employee of Perpetual Storage picked up backup storage tapes at the University.

XV.

The University alleges that the backup storage tapes picked up by Perpetual Storage on June 1, 2008 contained identifying information for approximately 1.7 million University patients and guarantors, covering a time period of approximately 16 years.

XVI.

The University alleges that approximately 1.1 million names on the backup storage tapes picked up by Perpetual Storage on June 1, 2008 were associated with social security numbers and all approximately 1.7 million names were associated with protected health information.

XVII.

Based upon information and belief, on or about June 1, 2008, the backup storage tapes picked up by an employee of Perpetual Storage were stolen from the employee's personal vehicle (the "Incident").

XVIII.

The University alleges that as a result of the Incident, it issued personal letters to each of the affected individuals at its own expense to notify these individuals of the compromise to their medical or financial information.

XIX.

The University alleges that as a result of the Incident, it had to establish both in-house and external calling centers to handle the massive influx of calls from concerned individuals. The University alleges that it responded to or outsourced more than 11,000 phone calls related to the Incident during a two-week period during the summer of 2008.

XX.

The University alleges that as a result of the Incident, it offered, at its own expense, one-year free credit monitoring to any individual whose social security number had been compromised.

XXI.

The University alleges that as a result of the Incident, it expended at least 6,232 personnel hours in responding to this Incident.

XXII.

Based upon information and belief, on or about July 1, 2009, law enforcement officials recovered the stolen backup storage tapes.

XXIII.

The University alleges that as a result of the Incident, it has expended $3,354,753.00 in relation to this Incident, consisting of: (1) $2,483,057.00 related to credit monitoring expenses; (2) $646,149.00 related to printing and mailing costs; (3) $81,389.00 related to phone bank costs; and (4) $144,158.00 in miscellaneous costs.

XXIV.

The University has demanded that Perpetual Storage reimburse the University for the amounts of money it allegedly expended as a result of the Incident.

XXV.

Perpetual Storage has made a demand upon Colorado Casualty to defend and provide coverage for the allegations being made by the University against Perpetual Storage in relation to the Incident.

XXVI.

Colorado Casualty is not obligated to defend Perpetual Storage against the claims made by the University in relation to the Incident.

XXVII.

There is no coverage for Perpetual Storage under the Policies for the claims made by the University in relation to the Incident.

XXVIII.

Colorado Casualty is not obligated under its Policies to indemnify Perpetual Storage for any part of any judgment awarding damages in favor of the University that the University may obtain in relation to the Incident.

XXIX.

Colorado Casualty is not obligated under its Policies to pay or otherwise satisfy any judgment the University may obtain against Perpetual Storage in relation to the Incident.

XXX.

Colorado Casualty is entitled to a judgment against Perpetual Storage declaring that there is no coverage under the Colorado Casualty Policies for the damages alleged by the University in relation to the Incident.

## XXXI.

A justiciable controversy exists as to whether or not Colorado Casualty's Policies provide coverage for the claims made by the University against Perpetual Storage and, therefore, Colorado Casualty does hereby request that this Court exercise its jurisdiction under 28 U.S.C. § 2201 *et seq.*, the Federal Declaratory Judgment Act, to adjudicate and declare Colorado Casualty's obligations under the Colorado Casualty Policies.

**WHEREFORE**, Plaintiff Colorado Casualty Insurance Company prays for judgment against Defendants adjudicating and declaring:

1.  That the Colorado Casualty Policies do not provide coverage for the claims made against Perpetual Storage by the University in relation to the Incident;

2.  That Colorado Casualty is not obligated to indemnify or pay any judgment or award of damages against Perpetual Storage in relation to the Incident;

3.  That Colorado Casualty does not have an obligation to defend Perpetual Storage against the claims made by the University in relation to the Incident; and

4.  For such other further relief as the Court deems just.

DATED this ___9th___ day of April, 2010.

Heinz J. Mahler
Scott C. Powers
KIPP AND CHRISTIAN, P.C.

Steven Plitt
Joshua D. Rogers
KUNZ PLITT HYLAND DEMLONG &
KLEIFIELD

Attorneys for Plaintiff