# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| COLORADO CASUALTY INSURANCE COMPANY, a Colorado corporation,<br><br>Plaintiff,<br>v.<br><br>PERPETUAL STORAGE, INC., a California corporation; UNIVERSITY OF UTAH, a body politic and corporate of the State of Utah, on behalf of UNIVERSITY OF UTAH HOSPITALS AND CLINICS and UNIVERSITY OF UTAH HEALTH SCIENCES CENTER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10CV316 DAK |
| PERPETUAL STORAGE, INC., a California corporation; UNIVERSITY OF UTAH, a body politic and corporate of the State of Utah, on behalf of UNIVERSITY OF UTAH HOSPITALS AND CLINICS and UNIVERSITY OF UTAH HEALTH SCIENCES CENTER,<br><br>Third-Party Plaintiffs,<br>vs.<br><br>RON B. SUTHERLAND, an individual and UNITED INSURANCE SERVICES, INC., a Utah corporation,<br><br>Third-Party Defendants. | |

This matter is before the court on the following motions: (1) Colorado Casualty

Insurance Company's ("Colorado Casualty") Motion to Dismiss Defendant University of Utah; (2) Defendant University of Utah's Motion for Discovery; and (3) Colorado Casualty's Motion to Sever University of Utah's Cross-Claims.

A hearing on the Colorado Casualty's Motion to Dismiss Defendant University of Utah and Defendant University of Utah's Motion for Discovery was held on December 15, 2010. At the hearing, Plaintiff Colorado Casualty was represented by Joshua D. Rogers and Heinz J. Mahler. The University of Utah was represented by Alan L. Sullivan and Scott A. DuBois, and Perpetual Storage was represented by Scott M. Petersen and C. Ryan Christensen. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to the motion.

Since the hearing on the above-mentioned motions, the parties have completed briefing a Motion to Sever the University of Utah's Cross-Claims.[1] The court has determined that, pursuant to local rule 7-1(f), oral argument would not be helpful or necessary as to this motion, and thus the court will decide it on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] There are two additional motions that recently became fully briefed: Perpetual's Motion for Judgment on the Pleadings and a Motion to Strike the Declaration of Jim L. Livingston. Perpetual has requested oral argument on the Motion for Judgment on the Pleadings, and the court agrees that oral argument would be helpful on this motion. The court will decide the Motion to Strike in conjunction with the Motion for Judgment on the Pleadings, but oral argument is not necessary on that motion..

## BACKGROUND

This claim arises from the alleged failure of Perpetual Storage to safeguard computer back-up tapes containing highly confidential and sensitive medical records and other data, which resulted in the theft of those tapes. In the wake of the theft, the University expended significant time and financial resources notifying patients that their medical records may have been compromised and providing credit monitoring services. The University then demanded that Perpetual Storage reimburse it for the amounts that had been expended as a result of the incident. In turn, Perpetual Storage sought coverage for these losses from its insurer, Colorado Casualty. Colorado Casualty filed a claim for declaratory judgment against Perpetual and the University, alleging that Perpetual Storage's claims and the University's losses are not covered under the insurance policies issued by Colorado Casualty.

In response to Colorado Casualty's allegations against the University, the University filed counterclaims against Colorado Casualty seeking a declaratory judgment that its losses are covered under the insurance policies and for breach of contract, reformation of contract, and unjust enrichment. Colorado Casualty now seeks to dismiss the University's counterclaims, arguing that the University lacks contractual privity to assert any claims relating to the insurance policies issued by Colorado Casualty.

## DISCUSSION

The University of Utah has asserted counterclaims for Declaratory Judgment, Breach of Contract, Reformation of Contract, and Unjust Enrichment. Colorado

Casualty contends that the University does not have standing to assert these counterclaims against Colorado Casualty because its liability to the University arises only secondarily, through Colorado Casualty's contractual arrangement with Perpetual Storage and the exception to this rule, found under section 31A-22-201 of the Utah Code, does not apply in these circumstances.

The University disagrees, arguing that the motion should be rejected on three separate grounds. First, it argues that Colorado Casualty waived the right to argue that the University lacks standing by filing direct claims against the University.[2] Next, it argues that Colorado Casualty's argument concerning privity does not preclude the University's equitable claims for reformation fo contract and unjust enrichment. Finally it argues that the motion is premature because the University has had no opportunity to evaluate whether the "general rule" applies in this situation, and therefore the University seeks leave to conduct discovery before the court dismisses its counterclaims.

The court is skeptical that the University ultimately will be able to maintain any counterclaims against Colorado Casualty, but out of an abundance of caution, the court will permit the University to conduct limited discovery–for a period of ninety days after the Scheduling Order in the instant case is entered–concerning the issues raised by

---

[2] The court finds no merit to this argument. Colorado Casualty's joining a necessary party to this declaratory judgment action did not operate to confer rights to the University that it would not have otherwise. One who is not a party to a contract has no right to enforce it, unless such person is an intended third-party beneficiary of the contract, or an assignment of the contract has occurred. 17B C.J.S. CONTRACTS § 610 (2010); *see also Shire Development v. Frontier Investments*, 799 P.2d 221, 223 (Utah Ct. App. 1990) (holding that only parties to a contract, or those in privity, have standing to sue).

Colorado Casualty's motion seeking dismissal of the counterclaims. Specifically, the University may conduct discovery regarding the insurance policies that are potentially at issue and the circumstances of their negotiation.

After discovery has ended, Colorado Casualty may (1) file a short motion that simply requests that the instant motion to dismiss be renewed–with or without a new memorandum in support; or (2) file a motion for summary judgment.

As to Colorado Casualty's Motion to Sever the University's Cross-Claims from the Remaining Claims, the court agrees with the University and Perpetual that it is premature to sever the claims. Bifurcation of the trial may be appropriate if a trial is required on both the coverage issue and the underlying claims, but that determination will be made after discovery has been completed.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1) Colorado Casualty Insurance Company's Motion to Dismiss Defendant University of Utah [Docket No. 30] is DENIED without prejudice to renew, as described above;

(2) University of Utah's Motion for Discovery [Docket No. 46] is GRANTED, and the University may conduct discovery as set forth above for a ninety-day period beginning on the day after the Scheduling Order in this case is entered, or sooner if the parties so stipulate;

(3) Colorado Casualty's Motion to Sever University of Utah's Cross-Claims [Docket No. 58] is DENIED;

(4) Perpetual Storage's Motion for Judgment on the Pleadings [Docket No. 64] and its Motion to Strike the Declaration of Jim L. Livingston and Corresponding Exhibits [Docket No. 69] is hereby SET FOR ORAL ARGUMENT on May 17, 2011 at 3:00 p.m.

DATED this 30th day of March, 2011.

       BY THE COURT:

       _____
       DALE A. KIMBALL
       United States District Judge